No. 306-01617-2012

| | | |
|---|---|---|
| DONALD H. FLANARY, JR. AND | § | IN THE DISTRICT COURT |
| GENA L. FLANARY | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | OF COLLIN COUNTY, TEXAS |
| | § | |
| MORTGAGE ELECTRONIC | § | |
| REGISTRATION SYSTEMS, INC. | § | |
| AND BAC HOME LOAN | § | |
| SERVICING, LP *f/k/a* | § | |
| COUNTRYWIDE HOME LOAN | § | |
| SERVICING, LP | § | 360th |
| Defendants. | § | JUDICIAL DISTICT |

### PLAINTIFFS' APPLICATION FOR
### PERMANENT INJUNCTION ORIGINAL PETITION AND REQUEST FOR
### DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Donald H. Flanary, Jr. and Gena L. Flanary, Plaintiffs herein, and

file this Plaintiffs' Application for Permanent Injunction, Original Petition and Request

for Declaratory Judgment complaining of Mortgage Electronic Registration Systems,

Inc.'s and BAC Home Loans Servicing, LP *f/k/a* Countrywide Home Loan Servicing

LP,'s Defendants herein, wrongful and illegal conduct and in support thereof, show the

Court the following:

### I.

### PARTIES AND SERVICE

1.    Plaintiff, Donald H. Flanary, Jr., is an Individual.

2.    Plaintiff, Gena L. Flanary, is an Individual. **FILED**



2012 APR 30 AM 10: 48

ANDREA STROH THOMPSON
DISTRICT CLERK
COLLIN COUNTY, TEXAS
BY_____

3.     Defendant, Mortgage Electronic Registration Systems, Inc., a Nonresident Limited Partnership, may be served by and through its attorney, Barrett Daffin Frappier Turner & Engle, LLP, at 15000 Surveyor Boulevard, Suite 100, Addison, Texas 75001. Further, it may be served by serving it at its place of business, 1595 Springhill Road #310, Vienna, Virginia 22182. Service of said Defendant as described above can be affected by personal delivery.

4.     Defendant, BAC Home Loans Servicing, LP *f/k/a* Countrywide Home Loan Servicing LP, a Limited Partnership based in Texas, may be served by and through its attorney, Barrett Daffin Frappier Turner & Engle, LLP, at 15000 Surveyor Boulevard, Suite 100, Addison, Texas 75001. Further, it may be served by serving it at its place of business PTX-C 7105 Corporate, Plano, Texas 75024.

## II.

### JURISDICTION AND VENUE

5.     The subject matter in controversy is within the jurisdictional limits of this Court.

6.     This Court has jurisdiction over Defendants, Mortgage Electronic Registration Systems, Inc., and BAC Home Loans Servicing, LP *f/k/a* Countrywide Home Loan Servicing LP because said Defendants purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Mortgage Electronic Registration Systems, Inc. and BAC Home Loans Servicing, LP *f/k/a* Countrywide Home Loan Servicing LP will not offend

2

PLAINTIFFS'APPLICATION FOR
PERMANENT INJUNCTION ORIGINAL
PETITION AND REQUEST FOR
DECLARATORY JUDGMENT

traditional notions of fair play and substantial justice and is consistent with the

constitutional requirements of due process. Plaintiffs would show that Defendants,

Mortgage Electronic Registration Systems, Inc. and BAC Home Loans Servicing, LP

f/k/a Countrywide Home Loan Servicing LP had continuous and systematic contacts

with the State of Texas sufficient to establish general jurisdiction over said

Defendants.

      7.     The property at issue is located in McKinney, Collin County, Texas.

      8.     Venue in Collin County is proper.

III.

FACTS

      9.     Plaintiffs, Donald H. Flanary, Jr. and Gena L. Flanary (the Flanarys) are

the mortgagors of the property located at 301 North Bradley Street, McKinney, Texas. It

is their homestead. Defendants, Mortgage Electronic Registration Systems, Inc. (MERS)

and BAC Home Loans Servicing, LP f/k/a Countrywide Home Loan Servicing LP (BAC)

are claim they are the mortgagees of the property. The Flanarys became past due on the

mortgage and the property was posted for foreclosure in June 2009. In June 2009 the

Flanarys entered into discussion with MERS/BAC based entirely on MERS/BAC's

representations that they were the mortgagees or the mortgage servicers regarding a

reinstatement of the loan. MERS/BAC represented that they were the holders of the debt

and under the deed of trust had the authority to reinstate the loan under the deed of trust.

MERS/BAC agreed to reinstate the loan and take the property off the foreclosure list if

3

the Flanarys would pay all the past due amounts, fees and expenses. MERS/BAC gave the Flanarys a number of $25,300.00 to reinstate the loan on July 24, 2009. That same day the Flanarys sent a cashier's check in the amount of $25,300.00 to MERS/BAC in accordance with the agreement. MERS/BAC received the funds on July 27, 2009, via Federal Express. The Flanarys complied with the agreement and MERS/BAC failed to reinstate the loan and the matter was set for foreclosure at 12:00 PM August 4, 2009. MERS/BAC, via a telephone conversation on the afternoon of August 3, 2009, told the Flanarys that it had received the $25,300.00 cashier's check and posted the payments to their account but would not tell the Flanarys it would not sell their homestead on August 4, 2009. MERS/BAC did tell the Flanarys to call Barrett Daffin Frappier Turner & Engle, LLP to see if they knew what MERS/BAC was going to do. The Flanarys called Barrett Daffin Frappier Turner & Engle, LLP and spoke to Marissa a "customer service representative" and were told by Marissa that the foreclosure was on hold but she would not confirm the sale would not go forward. The Flanarys then called the trustee Greg Bertrand's office and spoke to an employee who told them that the foreclosure had been put on hold with the caveat that "you never know what might happen".

10.     On August 4, 2009, the Court restrained the sale of the property and the Flanarys again began trying to get the matter resolved.

11.     Following the aforementioned events in August 2009 the parties engaged in lengthy negotiations in efforts to get the reinstatement process moving.

4

MERS/BAC told the Flanarys that they wanted to set up a reinstatement plan and begin the loan modification process. Over the months following August 2009 those talks were ongoing; however, MERS/BAC would never provide any written confirmation regarding the reinstatement of plan and loan modification. In about May/June of 2010 an agreement was reached on a payment plan that would support the reinstatement and again as promised in August 2009 MERS/BAC failed to provide anything in writing. During this period promises were made by MERS/BAC in connection with the Flanarys receiving loan modification documents but none were ever received. The Flanarys were instructed by representatives of MERS/BAC to put everything on hold and they would be receiving notification with regard to a reinstatement plan as well as documentation for the loan modification.

12.     In July 2010 MERS/BAC filed and posted a "Notice of Substitute Trustee Sale" apparently on July 26, 2010. The Flanarys never received by certified mail a written notice of default with an opportunity to cure as required by Section 51.0002(d). No notice was provided of the Notice of Substitute Trustee Sale to the Flanarys. To date MERS/BAC has failed to provide a copy of the Notice of Substitute Trustee Sale as required by Chapter 51.002(b) of the Civil Practice and Remedies Code, thus MERS/BAC has failed to give the statutory notice. On August 18, 2010 the Flanarys received for the first time information concerning this proposed trustee sale. That was in a letter dated July 28, 2010, from a law firm purporting to represent MERS/BAC. That letter failed to comply with the requirements of Chapter 51.002 of the Texas Property

5

PLAINTIFFS' APPLICATION FOR
PERMANENT INJUNCTION ORIGINAL
PETITION AND REQUEST FOR
DECLARATORY JUDGMENT

Code. The Flanarys had been told by MERS/BAC and understood based on their reliance on the material representations made by MERS/BAC they were in the process of getting their loan issues resolved when without the statutory notices MERS/BAC began for a second time the wrongful foreclosure of their homestead.

13.     The Flanarys came back to this Court a second time seeking to have MERS/BAC enjoined and restrained from proceeding with the wrongful foreclosure of their homestead.

14.     On September 2, 2010, this Court for a second time restrained the sale of the property and the Flanarys again began trying to get the matter resolved.

15.     During the pendency of the second injunction action MERS/BAC continued its "shape practices" approach in dealing with the Flanarys and in their efforts fraudulently and illegally take possession of the Flanarys' homestead.

16.     MERS/BAC, mailed the Flanarys, Discovery Requests, containing among other things, Requests for Admissions on June 13, 2011 via certified mail.

17.     The Flanarys did not receive the Discovery Requests containing the Requests for Admissions mailed to them by Counsel for MERS/BAC on June 13, 2011, within the time allowed by the Rules to respond to them.

18.     The Flanarys were not even aware of the Discovery Requests until they were served with Defendants' Motion for Summary Judgment on December 30, 2011. The Flanarys did not receive a notice of attempted delivery for the Discovery Requests

6

PLAINTIFFS' APPLICATION FOR
PERMANENT INJUNCTION ORIGINAL
PETITION AND REQUEST FOR
DECLARATORY JUDGMENT

containing the Requests for Admissions that were mailed to them by Counsel for MERS/BAC.

19.    The public online postal tracking record reveals neither the delivery of the item in question to anyone in McKinney, Texas, nor the delivery of a notice of attempted delivery to anyone in McKinney, Texas.

20.    The public online postal tracking record is consistent with the Flanarys' recollection that neither the Discovery Requests nor a notice of attempted delivery was received by them.

21.    From the public online postal tracking record showing delivery of the item in question to an address in Addison, Texas on July 1, 2011, it is apparent that was the moment when the Discovery Requests were returned to MERS/BAC.

22.    With the Discovery Requests returned to MERS/BAC on July, 1, 2011, they were on notice that the Flanarys had not received the Requests for Admissions and could not timely respond to the Requests if they were not received by the Flanarys.

23.    MERS/BAC, once the Discovery Requests were returned to them, still within the time allowed by the Rules for the Flanarys to respond, did not contact the Flanarys and advise them that they had served the Flanarys with Requests for Admissions that they knew the Flanarys had not received.

7

PLAINTIFFS' APPLICATION FOR
PERMANENT INJUNCTION ORIGINAL
PETITION AND REQUEST FOR
DECLARATORY JUDGMENT

24.     On January 2, 2012, after receiving Defendants' Motion for Summary

Judgment and first learning that Requests for Admissions had been served but not

received by the Flanarys, Donald H. Flanary, Jr. wrote Counsel for MERS/BAC telling

them that the Flanarys had not received the Discovery Requests and asked Counsel to

call him.

25.     Counsel for MERS/BAC and Donald H. Flanary, Jr. had contact

with each other on several occasions between June 2011 and January 2012 and no

mention was made by Counsel for MERS/BAC that he had served Requests for

Admissions or other discovery that the Flanarys had not received and that were

outstanding.

26.     On January 6, 2012, the Flanarys received a notice of setting of

Defendants' Motion for Summary Judgment but still no telephone call from

Counsel for MERS/BAC still having not heard from MERS/BAC, Donald H. Flanary,

Jr. wrote them on January 12, 2012 and inquired as follows"

'In the light of not having heard from you in response to my last letter, the
following matters need be addressed immediately: 1.) will you agree to continuing the
summary judgment hearing in order that I can complete the discovery I need or do I
need to file a motion to continue the hearing; 2.) will you agree that Gena Flanary and I
have 30 days from the service of your Motion for Summary Judgment to respond to the
discovery you relied on in support of your motion since neither of us had seen it prior to
service of your motion or do I need to seek relief from the Court on that issue; 3.) when
in mid to late March are you available to attend depositions in this matter; and, 4.) if
your clients are so inclined, when can you sit down and discuss a resolution that makes
sense to both sides in this matter.'

27.     Still hearing nothing from Counsel for MERS/BAC, Donald H.

8

PLAINTIFFS' APPLICATION FOR
PERMANENT INJUNCTION ORIGINAL
PETITION AND REQUEST FOR
DECLARATORY JUDGMENT

Flanary, Jr. wrote them again with the same requests.

28.    Then on February 9, 2012, after a dozen unreturned telephone calls, Counsel for MERS/BAC called the Flanarys and refused to agree to undeem the undelivered Requests for Admission and refused to agree to continue the Summary Judgment hearing to allow the Flanarys time to present a motion to undeem and respond to the discovery.

29.    There was "good cause" to strike the admissions, however to avoid an unnecessary discovery disputes and to forever clear the record of the deemed admissions the Flanarys non suited and requested that Counsel for MERS/BAC ask his clients to contact the Flanarys to again seek to resolve this matter.

30.    The Flanarys non-suited that action on February 16, 2012.

31.    MERS/BAC never made any effort to resolve the matter and March 16, 2012, sent the Flanarys notice of a substitute trustee sale on May1, 2012, at 12300 p.m.

IV.

**APPLICATION FOR PERMANENT INJUNCTION**

ELEMENTS FOR INJUNCTIVE RELIEF

32.    In light of the foregoing facts, the Flanarys seek recovery from Defendants. The nature of the lawsuit is for a Declaratory Judgment and wrongful and illegal conduct in violation of statutory and common law.

9

PLAINTIFFS'APPLICATION FOR
PERMANENT INJUNCTION ORIGINAL
PETITION AND REQUEST FOR
DECLARATORY JUDGMENT

33.     The Flanarys are likely to succeed on the merits of this lawsuit because they have complied with all the terms and conditions for the reinstatement of the loan as agreed between the parties; MERS/BAC lack the authority and capacity to foreclose on the Property in question; MERS/BAC have violated various consumer protection statutes, including but not limited to, the Texas Debt Collection Act and the Texas Deceptive Trade Practices Act; and, MERS/BAC violated the Texas Theft Liability Act.

34.     Unless this Honorable Court immediately restrains the MERS/BAC, the Flanarys will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give the Flanarys complete, final and equal relief. More specifically, Plaintiffs will show the Court the following:

A.     The harm to the Flanarys is imminent because BAC will foreclose on their homestead.

B.     This imminent harm will cause the Flanarys irreparable injury in that once the property is sold and the title is transferred to a good faith purchaser the transaction cannot be undone.

C.     There is no adequate remedy at law which will give the Flanarys complete, final and equal relief because once the property is sold and title transferred to a good faith purchaser they will have not relief.

PLAINTIFFS' APPLICATION FOR
PERMANENT INJUNCTION ORIGINAL
PETITION AND REQUEST FOR
DECLARATORY JUDGMENT

BOND

36.     The Flanarys will post a reasonable bond.

V.

## ORIGINAL PETITION
## AND
## REQUEST FOR DECLARATORY JUDGMENT

### DEFECTIVE DOCUMENTARY CHAIN CLAIM

1.      The real estate transaction that serves as the basis for this claim was

closed on June L2001.

2.      At the June 1,2001 closing, the Plaintiffs signed an Adjustable Rate

Note in the amount of $138,000.00 (Note) to America's Wholesale Lender, a New

York Corporation.

3.      At the June 1, 2001 closing, the Flanarys signed a Deed of Trust (DOT)

wherein AWL was the purported lender and MERS was a purported "nominee" and

"beneficiary" AWL.

4.      The property was then and now remains the Flanarys' permanent

residential homestead.

5.      The June 1, 2001 transaction between the Flanarys and AWL was a

"federally related mortgage transaction" under *inter alia,* 12 U.S.C. §2602(1).

11

PLAINTIFFS'APPLICATION FOR
PERMANENT INJUNCTION ORIGINAL
PETITION AND REOUEST FOR
DECLARATORY JUDGMENT

6.     On information and belief, the Flanarys will show that any person

signing document for and on behalf of MERS in connection with this matter did not

have the authority to execute said instrument, and thus any act sought to be

accomplished by such

conduct and all consequences flowing therefrom and thereafter are void.

7.     On information and belief, the Flanarys allege the public record reveals

no power attorney on file in Collin County, Texas sufficient to support the Appointment

of a

Substitute Trustee on behalf of the lender or holder of the debt as those terms are

defined in Note, DOT and Texas Property Code as applied to this matter.

8.     The Texas Durable Power of Attorney Act requires that any power of

attorney authorizing execution of a recordable instrument affecting real property be

recorded and acts attempted in the absence of a sufficient power of attorney are

void.

## LACK OF CAPACITY CLAIM

9.     Texas law regarding the capacity to act as to any attempted foreclosure

of the Plaintiffs' property is set forth in TEX. PROP. CODE § 51.002(b)(3)(d) (Vernon's

1983). The mandatory **language of the statute which is the "applicable law"**

**governing** the enforcement of the Flanarys' Note limits the party allowed to foreclose on

the Flanarys' homestead to the "holder of the debt." Neither the MERS nor BAC can be

the holders of the debt. None of the terms relied on by MERS and BAC in support of

12

PLAINTIFFS' APPLICATION FOR
PERMANENT INJUNCTION ORIGINAL
PETITION AND REQUEST FOR
DECLARATORY JUDGMENT

their conduct in this cause were a part of Texas law at the time of execution of the underlying documents herein. Those terms first appeared in the Texas Property Code in 2004 and cannot constitutionally be used to ascertain the rights and remedies of the parties to the June 1, 2001 real estate transaction between the Flanarys and AWL.

## PROMISSORY ESTOPPEL CLAIM

10.    BAC promised that is would engage in the loan modification process if the Plaintiffs would pay it $25,300.00 to bring their loan current. The Flanarys were then told not to do anything until the BAC got them the loan modification information.

11.    The Flanarys reasonably and substantially relied on these representations paying BAC $25,300 and waiting for BAC to provide them with the information they needed to move forward with a modification.

12.    The Flanarys' reliance was foreseeable to BAC. BAC was in the business of making these promises.

13.    The injustice of the Flanarys losing their house can be avoided by the Court enforcing BAC's promise to the Flanarys.

## TEXAS DEBT COLLECTION ACT CLAIM

14.    MERS and BAC in threatening and attempting a substitute trustee's sale on the Flanarys' homestead is a violation of the Texas Debt Collection Act.

15.    In violation of Tex. Fin. Code § 392.301(0(8), MERS and BAC threatened to take action prohibited by law when they failed to give notice of default,

13

PLAINTIFFS'APPLICATION FOR
PERMANENT INJUNCTION ORIGINAL
PETITION AND REQUEST FOR
DECLARATORY JUDGMENT

acceleration, and the trustee's sale in the form and manner, and with the legal capacity

to do so in accordance with the Note, DOT and applicable Texas law.

16.     In violation of Tex. Fin. Code § 392.301(0(8) MERS and BAC

threatened to take action prohibited by law when they gave one or more notice

that failed to comply with the Note, DOT and applicable Texas law.

## TEXAS THEFT LIABILITY ACT

17.     MERS/BAC unlawfully appropriated a security interest

through the Deed of Trust in the Flanarys property in violation of the Texas

Theft Liability act, as set forth in Chapter 134 of the Texas Theft Liability Act.

## DECLARATORY JUDGMENT CLAIM

18.     The Plaintiffs request a declaratory judgment that MERS lacks

the capacity and authority to foreclose on the Flanarys' homestead on its behalf

or the behalf of anyone else.

19.     The Plaintiffs request a declaratory judgment that BAC lacks

the capacity and authority to foreclose on the Flanarys' homestead on its behalf

or the behalf of anyone else.

20.     The Plaintiffs request a declaratory judgment that only the

holder of the debt under the June 1, 2001 DOT can exercise rights under that

DOT.

14

PLAINTIFFS'APPLICATION FOR
PERMANENT INJUNCTION ORIGINAL
PETITION AND REQUEST FOR
DECLARATORY JUDGMENT

21.   The Plaintiffs request a declaratory judgment as to

who is the holder of the debt under the June 1, 2001 Note and DOT.

## CAUSATION

22.   MERS' and BAC' s breaches of duty, tortious, wrongful and

unlawful acts and omission, as set out herein, were and are a cause in fact, a

foreseeable cause in fact, a producing cause and a legal cause of the Plaintiffs'

right to an equitable remedy.

23.   MERS' and BAC's breaches of duty, tortious, wrongful and

unlawful acts and omission, as set out herein, were and are a cause in fact, a

foreseeable cause in fact, a producing cause and a legal cause of the Plaintiffs'

injuries and damages in the past and future.

24.   MERS' and BAC's breaches of duty, tortious, wrongful and unlawful acts

and omission, as set out herein, were and are a cause in fact, a foreseeable cause in fact,

a producing cause and a legal cause of the Plaintiffs incurring reasonable and necessary

attorney fees and costs.

25.   MERS' and BAC's breaches of duty, tortious, wrongful and unlawful acts and

omission, as set out herein, were and are a cause in fact, a foreseeable cause in fact, a

producing cause, and a legal cause of the Plaintiffs' right to a declaratory judgment.

REMEDIES

15

PLAINTIFFS'APPLICATION FOR
PERMANENT INJUNCTION ORIGINAL
PETITION AND REQUEST FOR
DECLARATORY JUDGMENT

26. Plaintiffs have met their burden by establishing each element, which must be present before injunctive relief can be granted by this Court, therefore Plaintiffs are entitled to a Permanent Injunction.

27. Plaintiffs request the Court to permanently enjoin Defendants from proceeding with the foreclosure of the Flanarys' homestead.

28. It is essential that the Court continue to restrain MERS and BAC from proceeding with the foreclosure of the Flanarys' homestead.

29. In order to preserve the status quo during the pendency of this action, Plaintiffs request that the Defendants be continually enjoined from proceeding with the foreclosure of the Flanarys' homestead.

30. On final trial on the merits, that the Court permanently enjoin MERS and BAC from proceeding with the foreclosure of the Flanarys' homestead.

31. The Flanarys are entitled to an Order of specific performance on the promises made to the Flanarys by MERS and BAC including but not limited to a reinstatement and modification of the Note and a cessation now and in the future of any foreclosure efforts based on past conduct of any party to this lawsuit.

32. The Flanary are entitled to all their Statutory and Common Law damages, reasonable and necessary attorney fees and costs for MERS' and BAC's violations of the Texas Debt Collection Act.

33. The Plaintiffs are entitled to a declaratory judgment that MERS lacks the capacity and authority to foreclose on the Flanarys' homestead.

16

PLAINTIFFS'APPLICATION FOR
PERMANENT INJUNCTION ORIGINAL
PETITION AND REQUEST FOR
DECLARATORY JUDGMENT

34.     The Plaintiffs are entitled to a declaratory judgment that BAC lacks the capacity and authority to foreclose on the Flanarys' homestead.

35.     The Plaintiffs are entitled to a declaratory judgment that only the holder of the debt under the June 1, 2001 transaction can exercise rights under the DOT.

36.     The Plaintiffs are entitled to a declaratory judgment as to who is the holder of the debt under the June 1, 2001 Note.

## THIS IS A DISCOVERY LEVEL 3 CASE

37.     The Flanarys request this Court set this matter for a scheduling conference at the conclusion of the hearing on the temporary injunction.

## INCORPORATION OF AFFIDAVITS

38.     The Flanarys incorporate by reference the Affidavits attached hereto and Exhibits A and B.

## JURY DEMAND

39.     The Flanarys demand a jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Donald H. Flanary, Jr. and Gena L. Flanary, Plaintiffs herein, respectfully pray that:

17

PLAINTIFFS' APPLICATION FOR
PERMANENT INJUNCTION ORIGINAL
PETITION AND REQUEST FOR
DECLARATORY JUDGMENT

A.     After trial on the merits, the Court permanently enjoin MERS and

BAC their officers, agents, servants, employees, successors and assigns, and

attorneys from directly or indirectly proceeding with the foreclosure of the home

of Donald H. Flanary, Jr. and Gena L. Flanary;

B.     Enter judgment in favor of the Flanarys for Statutory damages,

costs, and attorney fees to which they are entitled;

C.     Award the Flanarys compensatory damages;

D.     Enter judgment in favor of the Flanarys ordering specific

performance to which they are entitled.

Respectfully Submitted

Donald H. Flanary, Jr.,
Donald H. Flanary, Jr. PLLC
Texas Bar No. 07109300
301 North Bradley Street
McKinney, Texas 75069
Telephone: 214 762-0767
Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

I certify that on April 30, 2012, a true and correct copy of foregoing pleading was served via facsimile and hand delivery on Barrett Daffin Frappier Turner & Engle, G. Bertrand, D. Ryan, D. Caufield and R. Patton.

Donald H. Flanary, Jr.

18

PLAINTIFFS'APPLICATION FOR
PERMANENT INJUNCTION ORIGINAL
PETITION AND REQUEST FOR
DECLARATORY JUDGMENT